PER CURIAM.
The state appeals the trial court’s order granting, in part, defendant William Dykes’ motion to suppress. The state argues that the trial court erred in suppressing Dykes’ verbal and non-verbal communications in response to police questioning after a routine traffic stop. We have jurisdiction. See Fla. R.App. P. 9.140(c)(1)(B). Despite the broad deference afforded to a trial court’s ruling on a motion to suppress, we are constrained to reverse.
Dykes was pulled over in a routine traffic stop. While one officer was writing a citation for a minor undisputed traffic violation, another officer briefly questioned Dykes. The trial court suppressed Dykes’ verbal and non-verbal responses to this questioning, finding that the questioning officer had commenced a criminal investigation without informing Dykes of his Miranda[1] rights. The trial court did not find that Dykes had been taken into custody prior to the questioning.
Roadside questioning of a defendant pursuant to a routine traffic stop does not alone warrant Miranda warnings. See Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). “If a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him ‘in custody’ for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda.” Id.; see also Johnson v. State, 800 So.2d 275, 278 (Fla. 1st DCA 2001) (holding that mere detention does not “activate[] a duty on the part of the police officers to give a Miranda warning.”). The trial court never found that questioning of appellee became analogous to a custodial interrogation. Such a finding would be required in order to determine that Miranda rights were triggered. See Berkemer, 468 U.S. at 440, 104 S.Ct. 3138. The facts here do not, in any event, support a finding of custodial interrogation.
The suppression order is REVERSED.
BOOTH, MINER, and KAHN, JJ., CONCUR.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).